IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANDREA L. MILLER,

           Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

           Defendant.

Case No. 08-CV-271-FHM

**OPINION AND ORDER**

    Plaintiff, Andrea L. Miller, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. [1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

    The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's February 10, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard A. Say was held February 28, 2006. By decision dated May 23, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 13, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 30 years old on the alleged onset date.  She has a high school education and formerly worked as cashier, waitress, fast food manager, front desk clerk, and front desk manager.  She claims to have been unable to work since July 2, 2000, as a result of back pain, obesity, asthma, depression, diabetes, and anxiety.  The ALJ determined that Plaintiff has the residual functional capacity (RFC) for sedentary work, but must be able to change her postural position from time-to-time, has difficulty responding appropriately to criticism and is impatient with co-workers, but can relate to co-workers on a superficial level. [R. 18].  Based on the testimony of the vocational expert, the ALJ determined that, although Plaintiff cannot perform her past relevant work (PRW), there are a significant number of jobs in the national and regional economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to properly consider the opinions of the treating physicians, the mental consultative examiner, and the reviewers of the state agency; failed to pose a proper hypothetical question to the vocational expert; failed to

determine whether the vocational expert's testimony conformed to the Dictionary of Occupational Titles; failed to determine whether the number of jobs identified by the vocational expert are sufficient; and failed to perform a proper credibility analysis.

As hereafter discussed, the Court finds that the ALJ did not properly discuss his evaluation of the treating pulmonologist's opinions. That error affected the remainder of the ALJ's decision. This Order also addresses those areas of error that were not directly affected by the treating physician's analysis, but which are likely to be repeated on remand. The Court holds that the existing record and findings will not support the denial of benefits on the ALJ's stated rationale and, therefore the ALJ's decision must be REVERSED and the case REMANDED to the Commissioner for further proceedings in accordance with this opinion.

### Treating Physician's Opinion

Dr. Amin, Plaintiff's treating pulmonologist completed a Pulmonary Impairment Questionnaire [R. 131-137] dated July 28, 2004, in which Dr. Amin identified Plaintiff as having asthma. Dr. Amin stated Plaintiff had asthma attacks 4 to 5 times per year, lasting an average of 1 to 2 weeks [R. 133]. Dr. Amin noted Plaintiff had no functional limitations "when well," [R. 134], that stress can exacerbate asthma, [R. 135], and that Plaintiff's symptoms frequently interfere with attention and concentration, [R. 136]. Dr. Amin indicated that Plaintiff would need to take unscheduled breaks 1 to 7 times per day and have to rest, on average, 15 to 30 minutes before returning to work, that Plaintiff would likely be absent from work once a month and would need to avoid various environmental conditions, [R. 136]. Dr. Amin also expressed the opinion that the earliest date the specified limitations applied to Plaintiff was November 2003. [R. 137].

3

The ALJ mentioned some of Dr. Amin's limitations and included some of them in the residual functional capacity (RFC) finding. Other limitations, including interference with concentration and the duration of unscheduled breaks were not even mentioned by the ALJ. An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Even if a treating physician's opinion is not entitled to controlling weight it must be weighed using all of the factors provided in 20 C.F.R. § 404.1527. Further, the ALJ must give good reasons for the weight he assigns the opinion. 20 C.F.R. § 404.1527(d)(2), *Watkins v. Barnhart*, 350 F.3d 11297, 1301 (10th Cir. 2003). Although it is apparent that the ALJ accepted some aspects of Dr. Amin's opinion, since the ALJ did not even mention other parts of Dr. Amin's opinion, the Court cannot determine whether those parts were overlooked or rejected. The case must therefore be remanded for the ALJ to supply the required analysis of Dr. Amin's opinion.

The Commissioner posits that Dr. Amin's opinions were rejected because those opinions were not consistent with the treatment notes. [Dkt. 16, p. 4]. Lack of support in the record may be sufficient reason for rejecting a treating physician's opinion, but that rationale must be supplied by the ALJ, not the Commissioner's attorneys. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir.

4

2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10thCir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

The ALJ was also required to, but did not, address the opinions of Dr. Holland and Dr. Hodan concerning Plaintiff's mental impairments. On remand, the ALJ is also required to address those opinions in accordance with the standards set out by the cited regulations.

### **Vocational Expert Testimony**

Plaintiff alleges several errors occurred which relate to the vocational expert's testimony. The following areas must be addressed on remand.

The ALJ's decision does not contain a function-by-function assessment of the claimant's work-related activities as required by Social Security Ruling 96-8p, 1996 WL 374184 *3, 20 C.F.R. §§ 404.1545(b), 416.945 (b). The ALJ is required to perform the function-by-function analysis rather than initially express the Plaintiff's RFC in terms of exertional categories of "sedentary," "light," "medium," etc. SSR 96-8p, 1996 WL 374184 *3. The ALJ must also include a narrative discussion describing how the evidence supports each RFC conclusion and explaining how any material inconsistencies or ambiguities in the record were considered and resolved. *Id.* at *7. The Court finds that the ALJ's decision lacks a narrative discussion in the level of detail required. On remand, the ALJ is required to perform an RFC analysis in conformity with the cited regulations.

### Credibility

The ALJ found that Plaintiff's statements concerning the effects of her symptoms were not entirely credible because her statements were not consistent with the medical evidence. In part, the ALJ relied on the opinions expressed by Dr. Amin to discount Plaintiff's credibility. However, the ALJ's failure to mention some aspects of Dr. Amin's opinion affects the credibility analysis. On remand, the ALJ must take care to avoid boilerplate credibility findings and must closely and affirmatively link the credibility findings to substantial evidence. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)

### CONCLUSION

Based on the foregoing analysis, the ALJ's decision is REVERSED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion.

SO ORDERED this 8th day of May, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6