**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANDREA L. MILLER, | |
| Plaintiff, | |
| vs. | Case No. 08-CV-271-FHM |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

The Amended Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's counsel [Dkt. 39] is before the undersigned United States Magistrate Judge for decision. The Motion is GRANTED as provided herein.

On February 8, 2010, the Court granted Plaintiff's Motion [Dkt. 22] which sought permission to file a motion for fees under 42 U.S.C. § 406(b) within 60 days of the time the Notice of Award was issued to Plaintiff. [Dkt. 32]. The Notice of Award was dated January 30, 2010. Counsel's Motion for Fees [Dkt. 34] was initially filed on March 11, 2010, within the 60-day time frame. Subsequently, Counsel requested and received permission to amend the Motion for Fees. The Court finds that the Motion for Fees and Amendment were timely filed.

Counsel seeks approval of an attorney fee award of $11,906.30 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee agreement between Plaintiff and counsel. Plaintiff has expressed she does not object to the requested fee award. [Dkt. 35].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has

remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

The undersigned concludes that the requested fee award of $11,906.30 which is 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the agreement between counsel and Plaintiff and the statutory limits of §406(b). The fee yields an hourly rate of approximately $ 406 per hour for 29.3

hours of work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid.

The Court previously granted Plaintiff's application for an award of $5,257 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. [Dkt. 23]. The EAJA was applied to Plaintiff's debt owed to the U.S. Department of Education, and no part of that award was paid to counsel. Therefore, the requirements of *Weakley v. Brown,* 803 F.2d 575 (10th Cir. 1986) are not applicable to this case.

Counsel's Amended Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b), [Dkt. 39] is GRANTED , counsel is awarded $11,906.30 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees.

SO ORDERED this 11th day of May, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE